# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **LISA CARNPROBST**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:22-cv-745 |
| **BRACCO DIAGNOSTICS, INC.**, a Delaware corporation, | Judge: |
| Defendant. | Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LISA CARNPROBST** ("CARNPROBST" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA), Family & Medical Leave Act (FMLA), and the Florida Civil Rights Act (FCRA) for (1) disability discrimination in violation of the ADA, (2) disability discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, (4) retaliation in violation of the FCRA, and (5) interference in violation of the FMLA.

1

## PARTIES

2. The Plaintiff, **LISA CARNPROBST** ("**CARNPROBST**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Lee County, Florida.

3. Defendant, **BRACCO DIAGNOSTICS, INC.** ("Defendant") is a Delaware corporation with a principal place of business located in New Jersey, but which employed **CARNPROBST** in Lee County, Florida.

4. At all material times, the Defendant employed greater than fifty (50) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **CARNPROBST**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

8. **CARNPROBST** timely filed her Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission (EEOC),

and this action is timely filed as she received her Notice of Right to Sue from the EEOC on September 2, 2022. (*See* Exhibit 1 – EEOC Notice of Right to Sue).

## GENERAL ALLEGATIONS

9. **CARNPROBST** began her employment with the Defendant on or about February 5, 2018 and was last employed as a senior account manager. She worked remotely for the Defendant.

10. **CARNPROBST** always performed her assigned duties in a professional manner and was very well qualified for her position.

11. **CARNPROBST** always met and exceeded performance and productivity goals, and received very good to excellent performance reviews.

12. **CARNPROBST** was a qualified person with a disability, and thus a member of a protected class, as she suffers from an autoimmune disorder.

13. **CARNPROBST** has a history of this impairment that limit major bodily functions. **CARNPROBST**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

14. In September 2021, **CARNPROBST** contracted Covid-19 and developed a severe autoimmune response that caused severe joint pain that lasted long-after she began testing negative for Covid-19. This affected major life activities such as moving and working.

15. Thereafter, the Defendant began demanding that all employees become vaccinated.

16. However, because of the auto-immune response, **CARNPROBST** was unable to become vaccinated.

17. At all times, **CARNPROBST** was able to successfully work remotely to complete all essential job functions.

18. Because of her disability, **CARNPROBST** had been advised by her physicians that she should not get the Covid-19 vaccine until she could obtain clearance from her rheumatologist.

19. **CARNPROBST** was unable to obtain an appointment with her rheumatologist until February 15, 2022.

20. Consequently, on or about December 23, 2021, **CARNPROBST** asked for an additional period of time in which to become vaccinated.

21. The Defendant denied **CARNPROBST**'s request immediately pending submission of paperwork for a temporary exemption related to her medical condition.

22. On December 30, 2021, **CARNPROBST** submitted that paperwork to Defendant.

23. On January 6, 2022, **CARNPROBST** asked for alternative reasonable accommodations which consisted of wearing a mask at all times and undergoing frequent Covid-19 testing the few times when she would be in the presence of others.

24. Despite this being in accordance with OSHA's vaccination mandate, the Defendant arbitrarily denied these requested reasonable accommodations.

25. **CARNPROBST** then requested FMLA leave, but that too was denied.

26. The Defendant then terminated **CARNPROBST**'s employment on January 10, 2022, stating that it was unable to accommodate her because her reasonable accommodations would cause an "undue hardship."

27. At all material times, the Defendant was aware of **CARNPROBST**'s disability, requests for reasonable accommodations and her serious health condition, which are the bases for its discriminatory employment practices toward her.

### COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

28. The Plaintiff hereby incorporates by reference Paragraphs 1-27 in this Count by reference as though fully set forth below.

29. At all relevant times, **CARNPROBST** was an individual with a disability within the meaning of the ADAAA.

30. Specifically, **CARNPROBST** has physical impairments that substantially limits major bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

31. **CARNPROBST** is a qualified individual with disabilities as that term is defined in the ADAAA.

32. **CARNPROBST** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

33. At all material times, **CARNPROBST** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

34. Defendant was made aware and was aware of **CARNPROBST**'s disabilities, which qualify under the ADAAA.

35. Defendant discriminated against **CARNPROBST** with respect to the terms, conditions, and privileges of employment because of her disabilities.

36. Defendant conducted itself with malice or with reckless indifference to **CARNPROBST**'s federally protected rights.

37. Defendant discriminated against **CARNPROBST** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

38. The conduct of Defendant altered the terms and conditions of **CARNPROBST**'s employment and **CARNPROBST** suffered negative employment action in the form of discipline and termination.

39. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **CARNPROBST** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

40. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARNPROBST** is entitled to all relief necessary to make her whole.

41. As a direct and proximate result of the Defendant's actions, **CARNPROBST** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

42. **CARNPROBST** has exhausted her administrative remedies and this count was timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.    Compensatory damages;

    vi.    Punitive damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

43. The Plaintiff hereby incorporates by reference Paragraphs 1-27 in this Count by reference as though fully set forth below.

44. At all relevant times, **CARNPROBST** was an individual with a disability within the meaning of the FCRA.

45. Specifically, **CARNPROBST** has physical impairments that substantially limit major bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

46. **CARNPROBST** is a qualified individual with disabilities as that term is defined in the FCRA.

47. **CARNPROBST** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

48. At all material times, **CARNPROBST** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

49. Defendant was made aware and was aware of **CARNPROBST**'s disabilities, which qualify under the FCRA.

50. Defendant discriminated against **CARNPROBST** with respect to the terms, conditions, and privileges of employment because of her disabilities.

51. Defendant conducted itself with malice or with reckless indifference to **CARNPROBST**'s protected rights under Florida law.

52. Defendant discriminated against **CARNPROBST** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

53. The conduct of Defendant altered the terms and conditions of **CARNPROBST**'s employment and **CARNPROBST** suffered negative employment action in the form of discipline and termination.

54. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CARNPROBST** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

55. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARNPROBST** is entitled to all relief necessary to make her whole.

56. As a direct and proximate result of the Defendant's actions, **CARNPROBST** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57. **CARNPROBST** has exhausted her administrative remedies and this count was timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE ADA- RETALIATION

58. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

59. Following **CARNPROBST**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **CARNPROBST**.

60. Said protected activity was the proximate cause of Defendant's negative employment actions against **CARNPROBST** including changed working conditions, discipline, and ultimately termination.

61. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **CARNPROBST** via changed working conditions, discipline, and termination.

62. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

63. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **CARNPROBST** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

64. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **CARNPROBST** is entitled to all relief necessary to make her whole as provided for under the ADA.

65. As a direct and proximate result of Defendant's actions, **CARNPROBST** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

66. **CARNPROBST** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

    vi.    Punitive damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## **COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION (DISABILITY)**

67. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

68. Following **CARNPROBST**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **CARNPROBST**.

69. Said protected activity was the proximate cause of Defendant's negative employment actions against **CARNPROBST** including changed working conditions, discipline, and ultimately termination.

70. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **CARNPROBST** via changed working conditions, discipline, and termination.

71. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

72. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CARNPROBST** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

73. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARNPROBST** is entitled to all relief necessary to make her whole as provided for under the FCRA.

74. As a direct and proximate result of Defendant's actions, **CARNPROBST** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

75. **CARNPROBST** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

   i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

   ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

   iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.    Compensatory damages;

    vi.    Punitive damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

### COUNT V – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

76. The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this Count by reference as though fully set forth below.

77. **CARNPROBST** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **CARNPROBST** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

78. **CARNPROBST** informed the Defendant of her likely need for leave for her own serious health condition.

79. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

80. If the Defendant were to have decided that **CARNPROBST**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

81. The Defendant has never provided **CARNPROBST** with any notice disqualifying her FMLA leave.

82. In fact, the Defendant should have determined that **CARNPROBST** was eligible for leave under the FMLA and yet interfered with her rights by terminating her employment because of her request for federally protected FMLA leave.

83. The Defendant knew, or should have known, that **CARNPROBST** was exercising her rights under the FMLA and was aware of **CARNPROBST**'s need for FMLA-protected absence.

84. **CARNPROBST** complied with all of the notice and due diligence requirements of the FMLA.

85. The Defendant was obligated, but failed, to allow **CARNPROBST** to take FMLA leave and to return **CARNPROBST**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

86. A causal connection exists between **CARNPROBST**'s request for FMLA-protected leave and demand for reinstatement and her termination from

employment with the Defendant because the Defendant denied **CARNPROBST** a benefit to which she was entitled under the FMLA.

87. As a result of the above-described violations of FMLA, **CARNPROBST** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: November 22, 2022      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109

Bonita Springs, Florida 34134<br>
Telephone: (239) 985-9691<br>
Fax: (239) 288-2534<br>
Email: byormak@yormaklaw.com